Nebraska Seed Co. v. Harsh.

NEBRASKA SEED COMPANY, APPELLEE, V. H. F. HARSH,
APPELLANT.

FILED APRIL 3, 1915.   No. 18051.

1. **Sales: CONTRACT: NEGOTIATIONS.** A valid contract of sale may be
made by correspondence, but courts will not construe as a binding
agreement letters which the parties intended only as a preliminary
negotiation.

2. ———: OFFER. The mere statement of the price at which property
is held cannot be understood as an offer to sell.

APPEAL from the district court for Kearney county:
HARRY S. DUNGAN, JUDGE. *Reversed.*

*Hague & Anderbery* and *F. L. Carrico,* for appellant.

*Ralph E. Adams* and *J. L. McPheely, contra.*

MORRISSEY, C. J.

Plaintiff, a corporation, engaged in buying and selling
seed in the city of Omaha, Nebraska, brought this action
against the defendant, a farmer, residing at Lowell, Kear-
ney county, Nebraska. The petition alleges: "That on the
26th day of April, 1912, the plaintiff purchased of and
from the defendant 1,800 bushels of millet seed at the
agreed price of $2.25 per hundred-weight, f. o. b. Lowell,
Nebraska, which said purchase and contract was evidenced
by writing and correspondence passing between the respec-
tive parties, of which the following is a copy:
                              " 'Lowell, Nebraska, 4-24-1912.
" 'Neb. Seed Co., Omaha, Neb.   Gentlemen:   I have
about 1,800 bu. or thereabouts of millet seed of which I
am mailing you a sample. This millet is recleaned and
was grown on sod and is good seed. I want $2.25 per cwt.
for this seed f. o. b. Lowell. Yours truly, H. F. Harsh.'

"Said letter was received by the plaintiff at its place of
business in Omaha, Nebraska, on the 26th day of April,
1912, and immediately thereafter the plaintiff telegraphed

to the defendant at Lowell, Nebraska, a copy of which is as follows:

" '4-26-12.

" 'H. F. Harsh, Lowell, Neb. Sample and letter received. Accept your offer. Millet like sample two twenty-five per hundred. Wire how soon can load. The Nebraska Seed Co.'

"On the same day, to wit, April 26, 1912, the plaintiff, in answer to the letter of the said defendant, wrote to him a letter and deposited the same in the United States mail, directed to the said defendant at Lowell, Nebraska, which said letter was duly stamped, and which the plaintiff charges the defendant in due course of mail received; that a copy of said letter is as follows:

" '4-26-12.

" 'Mr. H. F. Harsh, Lowell, Neb. Dear Sir: We received your letter and sample of millet seed this morning and at once wired you as follows: "Sample and letter received. Accept your offer. Millet like sample two twenty-five per hundred. Wire how soon can load." We confirm this message. Have booked purchase of you 1,800 bushels of millet seed to be fully equal to sample you sent us at $2.25 per cwt., your track. Please be so kind as to load this seed at once and ship to us at Omaha. We thank you in advance for prompt attention. When anything further in the line of millet to offer, let us have samples. Yours truly, Nebraska Seed Co.' "

It alleges that defendant refused to deliver the seed, after due demand and tender of the purchase price, and prays judgment in the sum of $900. Defendant filed a demurrer, which was overruled. He saved an exception to the ruling, and answered, denying that the petition stated a cause of action; that the correspondence set out constituted a contract, etc. There was a trial to a jury, with verdict and judgment for plaintiff, and defendant appeals.

In our opinion, the letter of defendant cannot be fairly construed into an offer to sell to the plaintiff. After describing the seed, the writer says: "I want $2.25 per cwt.

for this seed f. o. b. Lowell." He does not say I offer to sell to you. The language used is general, and such as may be used in an advertisement, or circular addressed generally to those engaged in the seed business, and is not an offer by which he may be bound, if accepted by any or all of the persons addressed.

"If a proposal is nothing more than an invitation to the person to whom it is made to make an offer to the proposer, it is not such an offer as can be turned into an agreement by acceptance. Proposals of this kind, although made to definite persons and not to the public generally, are merely invitations to trade; they go no further than what occurs when one asks another what he will give or take for certain goods. Such inquiries may lead to bargains, but do not make them. They ask for offers which the proposer has a right to accept or reject as he pleases." 9 Cyc. 278e.

The letter as a whole shows that it was not intended as a final proposition, but as a request for bids. It did not fix a time for delivery, and this seems to have been regarded as one of the essentials by plaintiff, for in his telegram he requests defendant to "wire how soon can load."

"The mere statement of the price at which property is held cannot be understood as an offer to sell." *Knight v. Cooley*, 34 Ia. 218.

The letter of acceptance is not in the terms of the offer. Defendant stated that he had 1,800 bushels or thereabouts. He did not fix a definite and certain amount. It might be 1,800 bushels; it might be more; it might be less; but plaintiff undertook to make an acceptance for 1,800 bushels—no more, no less. Defendant might not have this amount, and therefore be unable to deliver, or he might have a greater amount, and, after filling plaintiff's order, have a quantity of seed left for which he might find no market. We may assume that when he wrote the letter he did not contemplate the sale of more seed than he had, and that he fixed the price on the whole lot, whether it was more or less than 1,800 bushels.

We do not think the correspondence made a complete contract. To so hold where a party sends out letters to a number of dealers would subject him to a suit by each one receiving a letter, or invitation to bid, even though his supply of seed were exhausted. In *Lyman v. Robinson*, 14 Allen (Mass.) 242, 254, the supreme court of Massachusetts has sounded the warning: "Care should always be taken not to construe as an agreement letters which the parties intended only as a preliminary negotiation."

Holding as we do, that there was no binding contract between the parties, it is unnecessary to discuss the other questions presented. The judgment of the district court is

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.