W. H. Owen *vs.* R. G. Tunison.

Piscataquis.     Opinion, February 8, 1932.

*McLean, Fogg and Southard,* for plaintiff.
*Fellows & Fellows,*
*C. W. & H. M. Hayes,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farring-
ton, Thaxter, JJ.

Barnes, J.   This case is reported to the Law Court, and such
judgment is to be rendered as the law and the admissible evidence
require.

Plaintiff charges that defendant agreed in writing to sell him
the Bradley block and lot, situated in Bucksport, for a stated price
in cash: that he later refused to perfect the sale and that plaintiff,
always willing and ready to pay the price, has suffered loss on ac-
count of defendant's unjust refusal to sell, and claims damages.

From the record it appears that defendant, a resident of New-ark, N. J., was, in the fall of 1929, the owner of the Bradley block and lot.

With the purpose of purchasing, on October 23, 1929, plaintiff wrote the following letter:

"Dear Mr. Tunison

Will you sell me your store property which is located on Main St. in Bucksport, Me., running from Montgomery's Drug Store on one corner to a Grocery Store on the other, for the sum of $6,000.00?"

Nothing more of this letter need be quoted.

On December 5, following, plaintiff received defendant's reply; apparently written in Cannes, France, on November 12, and it reads:

"In reply to your letter of Oct. 23rd which has been for-warded to me in which you inquire about the Bradley Block, Bucksport, Me.

Because of improvements which have been added and an expenditure of several thousand dollars it would not be pos-sible for me to sell it unless I was to receive $16,000.00 cash.

The upper floors have been converted into apartments with baths and the b'l'dg put into first class condition.

Very truly yours,

(signed) R. G. Tunison"

Whereupon, and at once, plaintiff sent to defendant and the latter received, in France, the following message:

"ACCEPT YOUR OFFER FOR BRADLEY BLOCK BUCKSPORT TERMS SIXTEEN THOUSAND CASH SEND DEED TO EASTERN TRUST AND BANKING CO BANGOR MAINE PLEASE ACKNOWLEDGE."

Four days later he was notified that defendant did not wish to sell the property, and on the 14th day of January following brought suit for his damages.

Granted that damages may be due a willing buyer if the owner refuses to tender a deed of real estate, after the latter has made an

offer in writing to sell to the former and such offer has been so accepted, it remains for us to point out that defendant here is not shown to have written to plaintiff an offer to sell.

There can have been no contract for the sale of the property desired, no meeting of the minds of the owner and prospective purchaser, unless there was an offer or proposal of sale. It can not be successfully argued that defendant made any offer or proposal of sale.

In a recent case the words, "Would not consider less than half" is held "not to be taken as an outright offer to sell for one-half." *Sellers* v. *Warren,* 116 Me., 350.

When an owner of millet seed wrote "I want $2.25 per cwt. for this seed f.o.b. Lowell," in an action for damages for alleged beach of contract to sell at the figure quoted above, the Court held, "He (defendant) does not say, 'I offer to sell to you.' The language used is general, and such as may be used in an advertisement or circular addressed generally to those engaged in the seed business, and is not an offer by which he may be bound, if accepted, by any or all of the persons addressed." *Nebraska Seed Co.* v. *Harsh,* 98 Neb., 89, 152 N. W., 210, and cases cited in note L. R. A., 1915, F. 824.

Defendant's letter of December 5 in response to an offer of $6,000.00 for his property may have been written with the intent to open negotiations that might lead to a sale. It was not a proposal to sell.

*Judgment for defendant.*