638

EVELYN PADDOCK SMITH et al., Appellants, v.
C. A. HALSTEAD et al., Respondents.

Paul R. Smith for Appellants.

Warner & Moore, Caryl Warner and David C. Moore for Respondents.

McCOMB, J.—Plaintiffs appeal from an order granting a motion for a new trial after judgment had been entered in their favor in an action instituted to recover damages resulting from an automobile accident.

## CHRONOLOGY

1. May 5, 1943, judgment was entered in favor of plaintiff Evelyn Paddock Smith for the sum of $2,500, and in favor of plaintiff Charles B. Paddock for the sum of $3,000 against defendants.

2. December 16, 1946, defendants filed notice of intention to move for a new trial.

3. January 3, 1947, the motion for a new trial was denied.

4. January 10, 1947, a motion to vacate the order of January 3, 1947, denying the new trial was granted.[1]

5. January 10, 1947, defendants' motion for a new trial was granted. This order was entered January 17, 1947.

6. January 11, 1947, plaintiffs appealed from the order "granting a new trial."[2]

7. At the conclusion of the hearing on January 10, 1947, plaintiffs requested a continuance of the hearing which was denied.

8. February 7, 1947, plaintiffs filed an affidavit of service of notice of entry of the judgment which had been entered on

---

[1]The minute order of January 10, 1947, read as follows:

"Defendant's motion for a new trial comes on for hearing. Paul R. Smith appearing as counsel for the plaintiffs, and Caryl Warner for defendants. [1] Order of January 3, 1947, denying motion for a new trial is vacated. [2] Motion for a new trial is granted."

[2]Plaintiffs' notice of appeal read as follows: (Title of court and cause.) "To J. F. MORONEY, CLERK OF THE ABOVE ENTITLED COURT AND TO THE DEFENDANTS AND TO CARYL WARNER, THEIR ATTORNEY, TAKE NOTICE THAT:

"The Plaintiffs in the above entitled action do hereby appeal to the District Court of Appeal from the Order granting a new trial made and entered in the said Superior Court, State of California, Santa Monica Department 'A' on the 17th day of January, 1947, in favor of Defendants and against said Plaintiffs.

DATED: February 11, 1947.

PAUL R. SMITH
By DAVID A. KIDNEY
Attorney for Plaintiffs."

May 5, 1943. This affidavit disclosed that on February 18, 1944, defendants had been served with notice of entry of the judgment.

## QUESTIONS

First: *Did the trial court err in making its order of January 10, 1947, vacating its previous order of January 3, 1947, by which it had denied defendants' motion for a new trial?*

This question will not be considered by us for the reason that the rule is established that the notice of appeal limits the power of the reviewing court, and an order will not be reviewed from which no appeal has been taken. (*Palomar Refining Co.* v. *Prentice,* 47 Cal.App.2d 572, 574 [118 P.2d 322].)

In the instant case, on January 10th the trial court made two orders: (1) vacating its previous order of January 3, 1947, denying defendants' motion for a new trial, and (2) granting defendants' motion for a new trial. Plaintiffs have appealed only "from the order granting a new trial." They have not appealed from the order of the court setting aside its order denying a motion for a new trial on January 3, 1947. Therefore under the rule above stated the correctness of such ruling is not open to consideration by this court.

Second: *Did the trial court have jurisdiction to grant defendants' motion for a new trial?*

This question must be answered in the affirmative. On January 10, 1947, when the motion for a new trial was being considered both counsel for defendants and the trial judge searched the record and stated that they found no evidence of a notice of entry of judgment having been served upon defendants. Counsel for plaintiffs remained silent and it was not until February 7, 1947, that the affidavit of service of entry of the judgment was filed and brought to the attention of the trial court.

An appellate court must accept the record as it was presented to the trial judge, and therefore will not consider matters stated in affidavits filed in the action subsequent to the ruling of the trial court. In the present case when the motion for a new trial came on for hearing before the trial court, it appeared that notice of entry of judgment had never been served on defendants, and hence their time for making a motion for a new trial had not expired and the trial court had jurisdiction to entertain such motion.

Third: *Did the trial court abuse its discretion in granting the motion for a new trial?*

This question must be answered in the negative. Before an issue of fact can be tried, proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial. (Code Civ. Proc., § 594, subd. 1.) In the present case defendants presented an affidavit to the trial court that a notice of trial complying with the foregoing rule had not been served, and no evidence was received contradicting the statement contained in such affidavit. Therefore, under the foregoing rule, there had been an error of law which was properly corrected by granting the motion for a new trial. (*Hurley* v. *Lake County,* 113 Cal.App. 291, 295 [298 P. 123].)

Fourth: *Did the trial court commit prejudicial error in denying plaintiffs' application for a continuance of the hearing on the motion for a new trial?*

This question must be answered in the negative. At the time of the hearing on January 10, 1947, of the motion for a new trial, when it was about to be completed, plaintiffs' attorney requested a continuance. This request was made only after the trial judge had indicated that he was going to rule adversely to plaintiffs, and the record fails to disclose any grounds which would have justified the trial court in granting a continuance. Therefore this ruling was correct.

In view of the fact that we find no error in the record the order is affirmed.

Moore, P. J., and Wilson, J., concurred.

[Civ. No. 16719.   Second Dist., Div. Two.   Nov. 18, 1948.]