### NORRY ELECTRIC CORPORATION v. H & B AMERICAN MACH. CO.

Civ. A. No. 8553.

United States District Court
D. Massachusetts.

April 4, 1950.

Arthur S. Reinherz, Boston, Mass., for plaintiff.

Melville F. Weston, John Clarke Kane (of Powers & Hall), Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The plaintiff, a New York corporation, is suing the defendant, a Maine corporation, for failure to execute a contract for the sale of goods, and demands judgment in the sum of $10,000. The defendant has moved for summary judgment on the ground that the requirements of the Statute of Frauds, G.L.(Ter.Ed.) c. 106, § 6(1), have not been complied with. The applicable portions of New York's Personal Property Law, McK. Consol.Laws, c. 41, § 85, do not differ from those of Massachusetts, nor do the General Laws of Rhode Island 1938, c. 459, § 4(1).

On June 14, 1949, at Rochester, N. Y., plaintiff received a letter from defendant dated June 7, 1949, at Pawtucket, Rhode Island. It read:

"Gentlemen:

"We are enclosing a current listing of our inventory of surplus new electrical equipment. These materials, in most cases, have not been removed from their original packages and are available at a very substantial reduction from the manufacturers most recent list prices. We believe that we can offer this high grade material at prices that you, as a dealer, should consider. A legitimate bid for any part or all of this list will be given consideration.

"The material is available for inspection at your convenience. Please let us hear from you.

"Very truly yours,
H & B American Machine Company
/s/ Fred Johnson
Fred Johnson, Plant Engineer"

Enclosed with this letter was the inventory list referred to. On the same day in

reply plaintiff telegraphed the following message:

"Re List For Acceptance On Wednesday We Offer Twenty Percent Of Your Acquisition Cost For Entire Lot This Is A Firm Cash Offer Please Reply Telephone
                    "Electric Equipment Company"

There followed the next day a phone conversation between agents of plaintiff and defendant, the result of which was an understanding on plaintiff's part that defendant had agreed to sell at least the major portion of the inventory list appended to its letter of June 14th at a price equaling twenty per cent of plaintiff's acquisition cost. The same day (June 15th) plaintiff telegraphed the following written confirmation of its acceptance of defendant's terms:

"Refone Understand Our Offer 20% Of Your Acquisition Cost Accepted By You Awaiting Accurate Inventory And Acquisition Cost Will Phone
                    "Electric Equipment Co."

Plaintiff elaborated this understanding in a letter dispatched on June 15th and received by defendant on June 16th which read:

"Gentlemen:
"This is to confirm our telegram in response to your letter of June 7 in which we made you an offer of 20% of your acquisition cost for the entire lot of motors and control equipment.
"This is a firm cash offer for immediate acceptance, and we believe you will find this to your advantage rather than selling individual units.
"We await your decision.
          "Yours very truly
          Electric Equipment Company
          /s/  Irving S. Norry
          Irving S. Norry"

On June 16th, the day this was received, defendant dispatched a letter repudiating this understanding which read:

"Gentlemen:
"We have decided not to accept your offer of twenty per cent of our acquisition cost of the electrical items in our recent listing. We would nevertheless be pleased to release to you any part of the list at a fifty per cent reduction from the current list prices.
"We thank you for the interest shown and hope that we can be of some service.
          "Very truly yours,
          H & B American Machine Company

                    Fred Johnson, Plant Engineer"

The Statute of Frauds provides that a contract to sell goods of the value of five hundred dollars or more shall not be enforceable unless some note or memorandum in writing of the contract be signed by the party to be charged or his agent in that behalf. The only written memoranda signed by an agent of the defendant, who of course is the party sought to be charged, are the defendant's initial letter received by plaintiff on June 14, and its letter of June 16th rejecting a sale at twenty per cent of acquisition cost. The question is therefore whether the letter which opened these negotiations is a sufficient memorandum of the contract of sale, presuming one came into being.

Presuming that this letter is an offer to sell the entire inventory therein listed, it in no way suggests the price at which the seller is willing to sell. The letter received by plaintiff was a mimeographed letter and was one of approximately 150 which defendant dispatched to prospective buyers. Because the price at which a seller can unload surplus inventory is usually the element of the transaction which is most important to him, this letter would seem to be merely a solicitation of an offer and not an offer itself. Nebraska Seed Co. v. Harsh, 1915, 98 Neb. 89, 152 N.W. 310, L.R.A. 1915F, 824; Montgomery Ward & Co. v. Johnson, 1911, 209 Mass. 89, 95 N.E. 290. Therefore, plaintiff's telegram of June 14th stipulating the price at twenty per cent of acquisition cost did not cause defendant to become bound by a contract, and plaintiff was correct in stating that it was offering, and not accepting, this price for the goods referred to by the inventory list.

The fact that defendant's initial letter was not sufficiently explicit to be construed

836

as an offer compels the conclusion that it is likewise insufficient as a "memorandum in writing of the contract" in compliance with the Statute of Frauds.

The motion for summary judgment is granted.