[Civ. No. 10331.   Third Dist.   Oct. 6, 1961.]

HOWARD LEE, Petitioner, v. THE SUPERIOR COURT
OF PLACER COUNTY, Respondent; LA VANCHE
HOWARD, as Administratrix, etc., Real Party in In-
terest.

162

Fitzwilliam, Memering & McDonald for Petitioner.

No appearance for Respondent.

F. L. Sinclair for Real Party in Interest.

VAN DYKE, P. J.—This is a proceeding in prohibition. La Vanche Howard, as administratrix of the estate of Gerald Howard, deceased, in behalf of herself as surviving widow and in behalf of minor children of said deceased, began an action in respondent superior court against Howard Lee and Seow Ung Lee to recover damages for negligently causing the death of said decedent. In the complaint she charged that decedent's death was proximately caused by the negligence of Howard Lee in the driving of an automobile owned by his father, Seow Ung Lee; that Howard was driving the car within the scope of his duties as an agent for his father; and that the father had been independently negligent in entrusting the driving of the vehicle to him.

Both defendants answered, denying negligence on the part of Howard, denying further that while driving the vehicle he acted as the agent of his father; and Seow Ung Lee denied the charges of negligent entrustment. When the case was called for trial Howard admitted liability. The trial jury brought in a general verdict against both defendants and fixed the damages for the death of decedent at $57,000.

Howard neither began proceedings for a new trial nor appealed from the judgment. Seow Ung Lee, however, moved for a new trial on all the statutory grounds. His notice of intention was addressed to La Vanche Howard, as administratrix of the estate of Gerald Howard, deceased, and to her attorneys. The notice of intention was neither addressed to Howard Lee nor to his attorney, nor was service of notice of intention made upon Howard or his attorney. During the proceedings for new trial the clerk of respondent court notified Howard's attorney of the date set by the court for hearing the motion, but he ignored the notice and neither Howard nor his attorney participated in the new trial proceedings.

Respondent court entered an order granting a new trial as to both defendants as to all issues, and thereafter gave notice of pretrial procedures for the retrial. Thereupon Howard applied to this court for a writ of prohibition and the court issued an alternative writ. Before it could be heard, all parties, both plaintiff and defendants, appealed from the order granting the new trial.

Howard was not a party to the new trial proceedings and the respondent court was without jurisdiction to enter any order as against him.

In civil cases section 659 of the Code of Civil Procedure requires that the party intending to move for a new trial must file and serve on adverse parties his notice of intention to move. If this is not done the right to move for a new trial as to those not served is lost. As to them the trial court has no jurisdiction to grant the motion since jurisdiction of the parties, other than the moving party, is obtained only by service on them of the notice. (36 Cal.Jur.2d §§ 130-131, pp. 328-331; *Bell* v. *San Francisco Sav. Union,* 153 Cal. 64 [94 P. 225] ; *Spruce* v. *Wellman,* 98 Cal.App.2d 158 [219 P.2d 472].) Every party whose interest in the subject matter of the motion is adverse to or will be affected by the granting thereof or by a change in the decision is an adverse party. (36 Cal.Jur.2d, *supra.*) Howard was an adverse party in the new trial proceedings and for the respondent court to obtain jurisdiction over him it was necessary that in some acceptable way he be made a party to those proceedings in the notice of motion and that service of the notice of motion be made upon him or his attorney. He was an adverse party because setting aside the judgment against him might expose him to the incidence of a heavier judgment than he had already suffered. If he was satisfied with the

verdict of the jury, as he apparently was, since he neither initiated proceedings for a new trial nor appealed from the judgment, he might well object to a retrial. When, therefore, the moving party neither directed the notice of intention to him nor to his attorney nor made service thereof on him or his attorney the court lacked jurisdiction to affect him by any order it might make responsive to his father's motion. The fact that the clerk of the court notified Howard's attorney of the hearing of the motion did not give the court jurisdiction, which could be obtained only by compliance with the statute.

However, it is argued that since all parties have appealed and have thereby divested the trial court of power to proceed during the pendency of the appeal this court ought not to issue its writ of prohibition, but rather should permit the matter to be heard on appeal. Of course this could be done, but Howard has not, by taking an appeal, waived his right to ask this court to issue its writ and thus terminate the litigation as to him. Before the proceedings in prohibition brought by Howard could be terminated his time to appeal from the order would have elapsed and he was justified in preserving his right of appeal because the scope of appellate review is broader than that in prohibition. Prohibition turns wholly on jurisdiction, whereas the review on appeal extends to the broader ground of abuse of judicial discretion in granting the new trial. It would be unfair, therefore, to hold that Howard in any way waived his right to proceed in prohibition by taking his appeal.

This court is thus confronted with the question of whether or not under the circumstances it ought to deny prohibition and let the appeal proceed. We see no reason to compel Howard to go through with an appeal under these circumstances and we consider that the remedy of appeal herein is, as to him, neither speedy nor adequate.

Let the peremptory writ issue.

Peek, J., and Warne, J. pro tem.,* concurred.

The petition of the real party in interest to consolidate with Civ. No. 10410, Howard v. Superior Court of Placer County, and her petition for a rehearing were denied November 3, 1961.

---

*Assigned by Chairman of Judicial Council.