[Civ. No. 28. Fifth Dist. Mar. 7, 1962.]

GEORGE KISLING, Plaintiff and Respondent, v. ED OTANI, Defendant and Appellant.

Hill, Farrer & Burrill and Roy L. Johnson, Jr., for Defendant and Appellant.

Carroll, Davis, Burdick & McDonough and Roland C. Davis for Plaintiff and Respondent.

STONE, Acting P. J.—This appeal is from an order denying motion under Code of Civil Procedure, section 473, to vacate an order confirming award of an arbitrator.

Respondent Kisling, secretary of Retail Clerks Union, Local 1288, filed this action on behalf of two former employees of appellant. At the time of the employment there was in effect a collective bargaining agreement between Retail Clerks Union, Local 1288, and appellant Otani. Originally the two employees filed an action in the superior court attempting to collect wages through civil litigation. Appellant resisted the action upon the ground the employees had not exhausted their administrative remedies, and the action was dismissed and abated pending arbitration. Appellant refused to arbitrate upon a voluntary basis, contending that the collective bargaining agreement had expired before the employees took action to recover wages. Respondent filed the present action to compel arbitration. Appellant answered, pleaded twelve defenses to the petition to arbitrate, emphasizing that the collective bargaining agreement required a demand to arbitrate before the expiration of the agreement.

Thereafter the court, upon its own motion, ordered a summary trial during which appellant contended that the court was under a duty to rule upon his twelve defenses before granting the petition to arbitrate. The court, declining to consider the objections, ruled that the sole issue before the court for determination was whether arbitration was being

refused. Since appellant conceded that he refused to arbitrate, the court ordered that the matter proceed to arbitration. Appellant's counsel advised the arbitrator that he did not intend to put on any evidence or to cross-examine witnesses for the reason that he did not wish to waive appellant's legal position that the superior court should have considered his defenses to the petition to arbitrate and upon the additional ground that the trial court should have determined the scope of the arbitration. The arbitrator proceeded with the hearing and made an award in favor of respondent and against appellant on the claim of employee Matsumoto in the sum of $15,386.80, and on the claim of employee Kovacevich in the amount of $9,439.09.

Respondent next filed an application for an order confirming the award of the arbitrator. Appellant countered with a motion for order vacating the award, presenting the same objections as had been asserted during the earlier proceedings, namely, that the court erred in ordering arbitration without considering and determining the affirmative defenses raised by appellant's answer. There was the additional objection that the arbitrator had been guilty of misconduct.

On August 31, 1960, respondent's application for order confirming award, and appellant's motion for order vacating award, were argued and taken under submission. At the hearing, respondent presented a proposed formal written order confirming the award, which the court asked appellant's attorney to look over and notify the court of his objections, if any, as to form. At the same time attorney for appellant requested the court to notify him if any changes were made in the order and judgment. Counsel for appellant asserts that the court agreed to so advise him.

Appellant stresses his "understanding" with the court concerning notification of any change in the proposed order confirming the award of the arbitrator, and charges the court with making a change and not notifying him. However, the record indicates that the only change in the proposed order or judgment was a denial, by interlineation, of appellant's motion for an order vacating the award. This did not, in substance, change the order or judgment in any respect. It simply eliminated a second and separate order denying respondent's countermotion to vacate. The denial of appellant's motion was corollary to the order confirming the award.

In any event, the court made a minute order confirming the award on September 14, 1960, and on September 16, 1960, a

written order was signed and entered. No notice of either order was given. On October 3, 1960, counsel for appellant wrote a letter to the court citing a case which he considered to be a new and additional authority for his position. On October 5, counsel for respondent replied by a letter addressed to the court, distinguishing appellant's new authority. The court did not reply to either letter, although the judgment had been entered two weeks earlier.

On December 2, 1960, counsel for respondent, by letter, artfully inquired when the court would decide the matter. On December 7, 1960, the court had the clerk mail to counsel for the parties a copy of the minute order of September 14, 1960. Counsel for appellant then wrote the court enclosing a proposed ex parte *nunc pro tunc* order to amend the minute order in preparation for the filing of a formal written order. December 22, 1960, the court wrote to counsel for appellant informing him that it would be impossible to make *nunc pro tunc* order as requested, because a formal written order had been signed and filed on September 16. The court further acknowledged the failure of the clerk to give notice of the entry of the minute order and the judgment according to the custom of the court. The letter suggested that appellant seek relief by noticing an appropriate motion. In response, appellant filed a motion under Code of Civil Procedure, section 473, to have the judgment vacated and set aside upon the ground that the judgment had been taken against him through his mistake, inadvertence, surprise and excusable neglect, and through judicial inadvertence. After a hearing, the court took the matter under submission, and denied the motion for relief. Appellant appeals from that order.

Appellant cites rule 15, section 3, of the local rules of Fresno County Superior Court, as follows: "Whenever the court makes a minute order in a cause or matter which has been previously submitted and taken under advisement, the clerk of the court is directed to notify the counsel of record for each party promptly, either orally or in writing of the date and contents of such order."

The record does not disclose that appellant was aware of this rule of court or that he relied upon it, nor did appellant state in his briefs or in his oral argument that he was aware of this rule and consequently that he relied upon it. However, we do not think the rule of court would be controlling even though appellant had known of it and had he relied upon it.

Similarly we do not believe the court's failure to respond to letters of counsel received after the judgment had been entered, or the filing of the judgment with an interlineation, and not notifying counsel for appellant, are controlling. These matters all concern the court's discretion or abuse thereof under Code of Civil Procedure, section 473, whereas in our view the determination of appellant's rights in this case turn not upon whether the court abused its discretion, but whether as a matter of law the trial court had authority to act under section 473.

The many cases recited by appellant reflect a liberal interpretation of section 473 by the courts, stemming from the established principle that courts look upon default judgments with disfavor. However, the gist of the cited cases granting relief is that a litigant has been deprived of an opportunity to have his case heard on its merits. Here, appellant had a hearing on the merits.

Although appellant's defense to the judgment was legal rather than factual, he had an opportunity, nevertheless, to present that defense. The order was not a default judgment in the traditional sense, nor in the sense that the term is used in the cases cited by appellant. What happened was that after a hearing the matter was decided adversely to appellant and a judgment entered without notice to either party. The important thing is that the judgment was not entered without a hearing on the merits by reason of appellant's mistake, inadvertence or excusable neglect.

From the foregoing analysis of the proceedings in this case, it is readily apparent that what appellant really seeks is to be relieved from his default or failure to give notice of motion for a new trial. This is implicit in appellant's reply brief. Respondent raised the question of the sufficiency of appellant's motion under section 473, pointing out that appellant failed to attach to his motion a copy of any pleading which he proposed to file if the judgment were set aside. To this objection appellant replied, in his closing brief:

"Code of Civil Procedure, Section 473, does require in connection with applications for relief that they be accompanied by a copy of the answer or other pleading proposed to be filed but this is patently applicable only to situations where the applicant proposes to file an answer or other pleading such as a demurrer to the complaint. *Appellant respectfully submits that a motion for new trial does not constitute a pleading within the meaning of Code of Civil*

*Procedure, Section 473, and therefore, it was not necessary to attach a copy of any motion for new trial to the application.* Appellant's defense of the action was purely on the basis of questions of law in the Superior Court and Appellant did submit with his application his letter to the Court which would have formed the basis for a motion for new trial had Appellant been promptly informed of the Court's ruling in the matter pursuant to the Court's own rules and custom.'' (Emphasis added.)

We quote the foregoing admission of failure to attach to the motion a copy of the proposed pleading, not as a basis for the decision which follows, but to focus attention upon the relief which appellant requested by his motion to vacate the judgment. It serves to point up the crucial question in the case, which is whether the trial court had authority under Code of Civil Procedure, section 473, to grant the relief sought. Thus, whether appellant's position resulted from understandable inadvertence and excusable neglect or through judicial inadvertence, as he puts it, is immaterial.

Filing and service of a notice of motion for a new trial are governed by Code of Civil Procedure, section 659, which provides as follows:

''The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both, either

''1. Before the entry of judgment; or

''2. Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier.

''Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice. The time above specified shall not be extended by order or stipulation.''

Not a single authority cited to us countenances the idea that a court has authority under section 473 to extend the time limitations specified in section 659. The last sentence of 659 has been strictly construed, and the cases have uniformly held that relief from the time limitations cannot be achieved by resort to section 473. The question was squarely met in the case of *Union Collection Co.* v. *Oliver*, 162 Cal. 755 [124 P. 434], wherein the court said, at pages 756-757: .

"The principal contention of the appellant, and the only one that need be considered, is that the trial court was without power to relieve the defendant from the consequences of his failure to serve and file his notice of intention to move for a new trial within the time allowed by law. The argument is that where a party has failed to move for a new trial within the period limited by the code, he has waived his right to make such motion and that the provisions of section 473 of the Code of Civil Procedure do not authorize the court to revive the right which has thus been lost.

"The position is sustained by the decisions of this court. It is true that a very liberal construction has been given to the terms of section 473. Thus, for example, it has been held that the trial court may relieve a party from the consequences of his failure to serve in time a proposed bill of exceptions [citations], or statement on motion for a new trial [citation], or from a failure to present to the judge for settlement, within the time allowed, a statement on motion for new trial with the amendments thereto [citation]. But such rulings have never been carried so far as to authorize the service and filing of a notice of intention to move for a new trial after the lapse of the time within which such notice might have been served and filed."

The courts of this state have uniformly followed the rule expressed in the *Union Collection* case. (*Neale* v. *Morrow,* 174 Cal. 49, 51 [161 P. 1165]; *Hughes* v. *DeMund,* 195 Cal. 242, 245 [233 P. 94]; *Sitkei* v. *Frimel,* 85 Cal.App.2d 335, 337 [192 P.2d 820]; *Ungar Electric Tools, Inc.* v. *Sid Ungar Co., Inc.,* 192 Cal.App.2d 398, 406 [16 Cal.Rptr. 268]; *Lee* v. *Superior Court,* 196 Cal.App.2d 161, 163 [16 Cal.Rptr. 268]; 36 Cal.Jur.2d, New Trial, § 143, p. 347.)

In the case of *Title Ins. & Trust Co.* v. *California Development Co.,* 171 Cal. 173 [152 P. 542], the court went even further and held that a voluntary appearance and consent by the opposing party did not cure the defect of late filing and late service of notice of intention to move for a new trial. At page 194 the court said: "Their voluntary appearance and consent to the hearing of the motions, given months after the expiration of the time to serve notice of intention, could not cure the defect. The court itself had no authority to relieve the moving parties from the consequences of their failure to serve notice in time."

So we are impelled to the conclusion that section 473 is repugnant to section 659 and does not override it.

 The local rule of the Fresno County Superior Court likewise cannot serve to modify section 659.

The question might well be raised of whether by reason of the 1959 amendment to section 659 the court should now consider relief pursuant to section 473 in a different light. Prior to the amendment the situation in which appellant now finds himself could not have occurred, since the old section provided that a motion for a new trial could be filed ''within ten (10) days after receiving written notice of the entry of the judgment, . . .'' In this case, no notice of entry of judgment was served upon appellant, so under the pre-1959 provisions of section 659 his time would not have commenced to run. It was to prevent the filing of a notice of motion for a new trial months and even years after the entry of the judgment that the 1959 amendment was enacted.

 Two things are to be noted about the 1959 amendment to section 659: First, the addition to subparagraph 2 of the words ''whichever is earlier'' and, second, retention of the last sentence of the old section, ''The time above specified shall not be extended by order or stipulation.'' This language manifests a legislative intent to make the time within which a notice of motion for new trial may be filed, commence to run automatically upon the entry of judgment. Service of written notice of the entry of the judgment may shorten the time, but failure to serve does not extend the time, as it formerly did. In no event does a litigant have more than 30 days after the entry of judgment to file his notice. (Civil Procedure During Trial (Cont. Ed. Bar), Motions After Trial, § 20.36, p. 512; 3 Witkin, Cal. Procedure, Attack on Judgment in Trial Court, 1961 Supp. § 25, p. 83; 47 Cal.L.Rev. 919, 920.)

The 1959 amendment to section 659 as enacted by the Legislature followed the recommendation of the California Law Revision Commission. The report of the Law Revision Commission recommending the amendment to the Governor and the Legislature, reviewed the history of the section and emphasized that dilatory service of notice of entry of judgment frequently had a deleterious effect upon the administration of justice. One case cited by the Law Revision Commission, *Smith* v. *Halstead,* 88 Cal.App.2d 638 [199 P.2d 379], reveals that a defendant served notice of intention to move for a new trial three years and seven months after entry of judgment. The notice was timely, in that opposing counsel had

not served notice of entry of judgment. Thus the motion for new trial in the *Smith* case opened the way for a subsequent appeal nearly four years after the case had been tried. As the Law Revision Commission commented: ''Defendant's time to move would have run on indefinitely until he received such notice.''

The report of the California Law Revision Commission concerning the amendment of section 659 is set forth, in part, as a footnote.[1] A strict construction of section 659 was anticipated, and the consequent harshness of the new rule was recognized from the outset. (Cal. Law Revision Com. report, *supra*; 34 State Bar J. 641, 642; 47 Cal. Law Review 919.) It is apparent that the Legislature weighed the hardship which might occasionally be suffered by the individual litigant on the one hand, against the ameliorative effect of an early final

---

[1] ''Theoretically the law favors a speedy end to litigation. Actually it all too frequently fails to achieve this goal. One obstacle to its achievement in California is Section 659 of the Code of Civil Procedure which, in effect, leaves without limit the time within which a party may move for a new trial in some cases. That section provides in relevant part:

''659. Notice of Motion: Filing and Service, Time: Contents: Extension of Time. The party intending to move for a new trial must, either (1) before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five (5) days after the making of said motion, or (2) within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial. . . .

''Provision (1) may be disregarded because if the notice of intention to move for a new trial is served prior to the entry of judgment no problem of delay is involved. However, when notice is not served prior to judgment, provision (2) becomes operative and the moving party has ten days 'after receiving written notice of the entry of the judgment' in which to file and serve his notice of intention to move for a new trial. In cases in which notice of entry of judgment is not received the time allowed to move for a new trial is thus made indefinite and indeterminate and may extend long after the right to appeal from the judgment has expired.

''Thus, in *Smith* v. *Halstead* [(1948) 88 Cal.App.2d 638 (199 P.2d 379)], the defendant served a notice of intention to move for a new trial three years and seven months after the entry of judgment. There being nothing in the record to show that notice of entry of judgment had been 'received' by him the court held the motion timely. In fact, defendant's time to move would have run on indefinitely until he received such notice.

''Section 659 is open to the further objection that the issue as to whether a party's motion for a new trial is timely is subject to a possible conflict of extrinsic evidence as to whether the moving party received notice of entry of judgment.

''. . . . . . . . .

''The provision in Section 659 of the Code of Civil Procedure that the time to serve a notice of intention to move for new trial begins to run when notice of entry of judgment is received is undesirable.

disposition of litigation on the other. That the balance rested on the side of an expeditious conclusion to litigation is evidenced by the retention of the last sentence of section 659, "The time above specified shall not be extended by order or stipulation."

The history of Code of Civil Procedure section 659 and the 1959 amendment thereto manifest no intent to change the long-established rule that Code of Civil Procedure section 473 cannot be utilized to extend the time within which to file a motion for a new trial. In the absence of a statute to the contrary, we cannot fly in the face of the many decisions which support the rule. Furthermore, the trend of recent cases has been toward a strict construction of statutes authorizing a motion for a new trial. (*Aced* v. *Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897] ; *Garcia* v. *Lucido*, 191 Cal.App.2d 303 [12 Cal.Rptr. 601] ; *Ungar Electric Tools, Inc.* v. *Sid Ungar Co., Inc., supra*; *Lee* v. *Superior Court, supra*.) We conclude that section 473 does not clothe the trial court with authority to mollify the harshness of section 659.

This conclusion is fortified by the case of *Ungar Elec. Tools, Inc., supra.* Although the *Ungar* case does not discuss the effect, if any, of the 1959 amendment to section 659, the case was decided after the 1959 amendment became effective. It was held, at page 406, that "The trial court also properly

Since the Supreme Court recently reaffirmed in *Cowee* v. *Marsh* [(1958) 50 Cal.2d 240 (324 P.2d 553)] the rule that any notice of entry of judgment which may be given by the clerk of the court is ineffective to start the time running, the time limitation hinges upon a voluntary and uncontrolled act of a party to the litigation. This creates the possibility that notice will not be given and that a motion for a new trial may be made in such a case many years after judgment has been entered and has become final for purposes of appeal. It is not possible for a court to pass intelligently on a motion for new trial at a date so remote from the events upon which the motion is based. Section 659 should, therefore, be revised to eliminate the possibility of its being asked to do so.

"Against this conclusion it might be argued that the party against whom the motion is made has no ground to complain inasmuch as it was his neglect in giving notice of entry of judgment to the moving party which makes possible the delayed motion for new trial. The answer to this argument is that the State has a larger interest in this matter than assessing the blame for long-delayed new trial motions as between the parties to the action—or, more accurately, their counsel. The burden on our courts in hearing and deciding such tardy motions for new trial and the larger interest in a speedy end to litigation which the Legislature has given special emphasis in the statutes dealing with disposition of motions for new trial justify an amendment to Section 659 to prevent a repetition of cases like *Smith* v. *Halstead*."

denied appellants' motion under Code of Civil Procedure, section 473, since the granting of such motion would, in effect, have extended the time allowed by statute for giving notice of intention to move for new trial. This cannot be done."

Although statutory construction and judicial precedent impel us to affirm, we recognize the stringency of the 30-day limitation which commences to run automatically, without notice, upon filing of the judgment. This is evidenced by the instant case, where the matter was heard in Fresno County, while counsel maintained their offices in Los Angeles and San Francisco. The answer, however, does not lie in holding that section 473 overrides the express provisions of section 659.

The order is affirmed.

Brown, J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied May 2, 1962.