RHEN MARSHALL, INC., A CORPORATION, APPELLANT, V.
PUROLATOR FILTER DIVISION, PUROLATOR, INC.,
A CORPORATION, APPELLEE.

318 N.W.2d 284

Filed April 16, 1982. No. 44079.

Gary G. Thompson, for appellant.

Ronald G. Sutter of Everson, Noble, Wullschleger, Sutter, Sharp & Korslund, for appellee.

Heard before McCOWN, HASTINGS, and CAPORALE, JJ., and STUART and HIPPE, D. JJ.

STUART, D.J.

The appellant (Rhen Marshall) brought an action based on contract against the appellee (Purolator).

After trial the District Court found generally for Purolator and dismissed Rhen Marshall's petition. We affirm.

In the fall of 1977 Rhen Marshall received in the mail an advertising circular from Purolator entitled "Christmas Comes Early at Purolator," and setting forth premiums which could be selected along with an order for Purolator brand merchandise. The premiums varied according to the size of the order, and "Deal 5A" stated that, with an order for 100,000 pounds of Purolator brand products, Purolator would send its customer a premium of a new 1978 Buick Electra automobile and 100 EK-6 Kodak Instant cameras, and stating "you will be billed $500.00 for the package which has a manufacturer's suggested retail value of $17,450.00." Rhen Marshall placed an order for over 100,000 pounds of Purolator oil filters and also ordered "Deal 5A as outlined in your brochure." The advertising circular did not contain provisions for billing or for discounts. Rhen Marshall's order requested a 5 percent truckload discount and a "30-60-90 day billing." (In previous dealings between these parties, a "30-60-90 day billing" meant a discount of 2 percent if paid within 30 days, a discount of 1 percent if paid within 60 days, or payment in full at the end of 90 days.) Upon receipt of this order, Purolator telephoned Rhen Marshall and stated that its order was not accepted. No oil filters or premiums were delivered and no payment was made. Rhen Marshall's suit was brought on the theory that the circular received by it was an offer and the order placed by it was an acceptance of that offer and that damages resulted from the nonfulfillment of such contract.

This general subject has been covered in text form by Professor Williston as follows:

"Frequently negotiations for a contract are begun between parties by general expressions of willingness to enter into a bargain upon stated terms and

yet the natural construction of the words and conduct of the parties is rather that they are inviting offers, or suggesting the terms of a possible future bargain, than making positive offers. Especially is this likely to be true where the words in question are in the form of an advertisement. Thus, if goods are advertised for sale at a certain price, it is not an offer, and no contract is formed by the statement of an intending purchaser that he will take a specified quantity of the goods at that price. The construction is rather favored that such an advertisement is a mere invitation to enter into a bargain rather than an offer. [Citing *Poposia Coal Co. v. Nye-Schneider-Fowler Co.,* 106 Neb. 4, 182 N.W. 586 (1921).] So a published price list is not an offer to sell the goods listed at the published prices. Even where the parties are dealing exclusively with one another by private letters or telegrams, or by oral conversation, the same question may arise; and language that at first sight may seem an offer may be found merely preliminary in its character." 1 Williston on Contracts § 27 at 61-62 (3d ed. 1957).

In *Nebraska Seed Co. v. Harsh,* 98 Neb. 89, 152 N.W. 310 (1915), the defendant sent a letter to plaintiff in which he stated he had about 1,800 bushels of millet seed, of which he was mailing them a sample. He further stated: "I want $2.25 per cwt. for this seed f.o.b. Lowell." Upon receipt of the letter the plaintiff replied in part: "Sample and letter received. Accept your offer." *Id.* at 89-90, 152 N.W. at 310. The defendant refused to deliver and the plaintiff brought suit for such nondelivery. We ruled therein that the letter was not an offer but was an invitation for offers, quoting in part: " 'If a proposal is nothing more than an invitation to the person to whom it is made to make an offer to the proposer, it is not such an offer as can be turned into an agreement by acceptance. Proposals of this kind, although made to definite persons and not to the

public generally, are merely invitations to trade; they go no further than what occurs when one asks another what he will give or take for certain goods. Such inquiries may lead to bargains, but do not make them. They ask for offers which the proposer has a right to accept or reject as he pleases.' " *Id.* at 91, 152 N.W. at 311.

Here it should be noted that Rhen Marshall set forth conditions in its order that were not previously discussed by the parties. The sales promotion circular by Purolator did not contain terms with regard to discounts or billing. Rhen Marshall's order requested a 5 percent truckload discount and a 30-60-90-day billing. Rhen Marshall had attached conditions in its order which were usual in its previous dealings with Purolator, but the discounts offered by the promotion were substantial and it could not be assumed by Rhen Marshall that Purolator would also give other, additional discounts.

We hold that the brochure was not an offer by Purolator, but that Rhen Marshall's order was itself an offer which Purolator did not accept. The judgment of the trial court is correct and is affirmed.

AFFIRMED.