[Civ. No. 211.   Fifth Dist.   Aug. 20, 1963.]

ED OTANI, Plaintiff and Appellant, v. GEORGE KISLING, Defendant and Respondent.

Hill, Farrer & Burrill and John J. Wilson for Plaintiff and Appellant.

Carroll, Davis, Burdick & McDonough, Robert P. Cowell and Roland C. Davis for Defendant and Respondent.

STONE, Acting P. J.—Respondent's demurrer to appellant's complaint in equity to set aside judgment, was sustained without leave to amend, and this appeal is taken from the judgment which followed.

Respondent Kisling, Secretary of Retail Clerks Union, Local 1288, filed an action on behalf of two former employees of appellant. At the time of the employment there was in effect a collective bargaining agreement between Retail Clerks Union, Local 1288, and appellant Otani. Originally the two employees filed an action in the superior court attempting to collect wages through civil litigation. Appellant resisted the action upon the ground the employees had not exhausted their administrative remedies, and the action was dismissed and abated pending arbitration. Appellant refused to arbitrate upon a voluntary basis, contending that the collective bargaining agreement had expired before the employees took action to recover wages. Respondent filed the present action to compel arbitration. Appellant answered, pleaded twelve defenses to the petition to arbitrate, and emphasized that the collective bargaining agreement required a demand to arbitrate before the expiration of the agreement.

Thereafter the court, upon its own motion, ordered a summary trial, during which appellant contended that the court was under a duty to rule upon his twelve defenses before granting the petition to arbitrate. The court, declining to consider the objections, ruled that the sole issue before the court for determination was whether arbitration was being refused. Since appellant conceded that he refused to arbi-

trate, the court ordered that the matter proceed to arbitration. Appellant's counsel advised the arbitrator that he did not intend to put on any evidence or to cross-examine witnesses for the reason that he did not wish to waive appellant's legal position that the superior court should have considered his defenses to the petition to arbitrate and upon the additional ground that the trial court should have determined the scope of the arbitration. The arbitrator proceeded with the hearing and made an award in favor of respondent and against appellant on the claim of employee Matsumoto in the sum of $15,386.80, and on the claim of employee Kovacevich in the amount of $9,439.09.

Respondent next filed an application for an order confirming the award of the arbitrator. Appellant countered with a motion for order vacating the award, presenting the same objections as he had asserted during the earlier proceedings, namely, that the court erred in ordering arbitration without considering and determining the affirmative defenses raised by appellant's answer, and the additional objection that the arbitrator had been guilty of misconduct.

On August 31, 1960, respondent's application for order confirming award, and appellant's motion for order vacating award, were argued and taken under submission. At the hearing, respondent presented a proposed formal written order confirming the award, which the court asked appellant's attorney to look over and notify the court of his objections, if any, as to form. At the same time attorney for appellant requested the court to notify him if any changes were made in the order and judgment. Counsel for appellant asserts that the court agreed to so advise him.

Appellant stresses his "understanding" with the court concerning notification of any change in the proposed order confirming the award of the arbitrator, and charges the court with making a change without notifying him. However, the record indicates that the only change in the proposed order or judgment was a denial, by interlineation, of appellant's motion for an order vacating the award. This did not, in substance, change the order or judgment. It simply made unnecessary a second and separate order denying respondent's countermotion to vacate. The denial of appellant's motion was corollary to the order confirming the award.

In any event, the court made a minute order confirming the award on September 14, 1960, and on September 16, 1960, a written order was signed and entered. No notice

of either order was given. On October 3, 1960, counsel for appellant wrote a letter to the court citing a case which he considered to be a new and additional authority for his position. On October 5, counsel for respondent replied by a letter addressed to the court, distinguishing appellant's new authority. The court did not reply to either letter, although the judgment had been entered two weeks earlier.

On December 2, 1960, counsel for respondent inquired by letter when the court would decide the matter. On December 7, 1960, the court had the clerk mail to counsel for the parties a copy of the minute order of September 14, 1960. Counsel for appellant then wrote the court enclosing a proposed ex parte *nunc pro tunc* order to amend the minute order in preparation for the filing of a formal written order. December 22, 1960, the court wrote counsel for appellant that it would be impossible to make the *nunc pro tunc* order as requested, because a formal written order had been signed and filed on September 16. The court further ackowledged the failure of the clerk to give notice of the entry of the minute order and the judgment according to the custom of the court. The letter suggested that appellant seek relief by noticing an appropriate motion. In response, appellant filed a motion under Code of Civil Procedure section 473, to have the judgment vacated and set aside upon the ground that the judgment had been taken against him through his mistake, inadvertence, surprise and excusable neglect, and through judicial inadvertence. After a hearing, the court took the matter under submission, and denied the motion for relief.

Appellant took an appeal from that order, which resulted in an affirmance of the trial court. (*Kisling* v. *Otani,* 201 Cal. App.2d 62 [19 Cal.Rptr. 913].)

Appellant then commenced the present action in equity, seeking to set aside the judgment. The complaint, in substance, alleged the facts summarized above. Respondent demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action, that the complaint did not allege that the judgment rendered was a result of extrinsic fraud or extrinsic mistake, that the alleged cause of action was barred by the defense of res judicata, and that the court had no jurisdiction over the subject matter of the action in that it could not extend the time for making a motion for a new trial or the time within which to appeal.

The court sustained the demurrer without leave to amend. Appellant makes no contention that more favorable facts

could have been stated had he been given leave to amend his complaint.

Respondent's argument that the judgment in *Kisling* v. *Otani, supra,* denying relief under Code of Civil Procedure section 473 bars appellant in this action under the doctrine of res judicata, is not well taken. An action seeking relief from a default judgment pursuant to Code of Civil Procedure section 473 and an equitable action to have the judgment set aside, are distinct remedies. The authorities clearly establish that an adverse judgment in a Code of Civil Procedure section 473 proceeding does not bar a subsequent action in equity for relief upon the same grounds. (*Jeffords* v. *Young,* 98 Cal.App. 400, 407 [277 P. 163].)

Two essential conditions are found in a classic case in equity which seeks to set aside a judgment: first, the judgment is one entered against a party by default under circumstances which prevented him from presenting his case; second, these circumstances result from extrinsic fraud practiced by the other party or his attorney. (*United States* v. *Throckmorton,* 98 U.S. 61, 65 [25 L.Ed. 93, 95]; *Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105].)

Here appellant seeks to set aside an order confirming award of the arbitrator. The record reflects that at this hearing appellant was represented by counsel. Appellant argues that prejudicial error occurred at various stages of the proceedings and that all of these errors are reflected in the court's order confirming the arbitration award, an order from which he has had no opportunity to appeal. Conceding, without deciding, that there were errors of law as appellant asserts, nonetheless he was represented by counsel at all proceedings prior to the entry of judgment confirming the award, and it cannot be said that it was a default judgment within the conventional sense of the term.

The fact is that although appellant has denominated his pleading a complaint in equity to set aside the judgment, he actually seeks an opportunity to appeal from the judgment. It is not contended that vacating the order confirming the award will result in any other or different judgment than the one before us. In his brief appellant states:

"In the present case, appellant was prevented from filing a timely notice of appeal because he received no notice of the entry of judgment. Appellant received no notice because the clerk of the court, in violation of a local rule, failed to send appellant's counsel the required notice of entry of judgment.

Furthermore, it was the custom of the court to send such notice and counsel relied on this custom [Clk. Tr. p. 9]. Finally, conversations between the court and appellant's counsel justifiably led counsel to believe that the court would give him notice of entry of judgment. In fact, the failure to give the required notice appears to have been conceded by the court as judicial inadvertence. . . ."

In seeking to revive his extinguished right to appeal, appellant leans heavily upon the emphasized portion of the following language appearing in *Estate of Hanley*, 23 Cal.2d 120, at p. 124 [142 P.2d 423, 149 A.L.R. 1250]: "It by no means follows that one who has failed to file a notice of appeal within the statutory time is always without remedy. For example, where after a judgment has been rendered against a person he is entitled to take proceedings looking to its reversal or modification and he is prevented from doing so by the fraud or duress of the other party until it is too late, or *when he has been prevented from taking an appeal because of circumstances over which he has no control*, he is entitled to equitable relief from the judgment." (Italics added.)

Appellant filed neither a motion for a new trial nor a motion to vacate judgment under rule 3 of California Rules of Court.* Therefore the 60-day limitation upon filing notice of appeal specified by rule 2 of California Rules of Court,† governs and the critical question is whether the circumstances here presented come within the language of *Hanley*. Perhaps the most important circumstance is that neither the clerk nor the trial judge was required by law to give appellant notice of entry of judgment. That appellant relied upon the clerk, or the judge, or the local rule, or custom, or upon all four, is understandable in light of what occurred, but such reliance was not a circumstance beyond his control. (*Simmons* v. *Superior Court*, 52 Cal.2d 373, 376 [341 P.2d 13]; *Palomar Refining Co.* v. *Prentice*, 47 Cal.App.2d 572, 573 [118 P.2d 322].)

As pointed out in *Kisling* v. *Otani, supra*, the basic reason for a strict construction of Code of Civil Procedure section 473 relative to the right to move for a new trial and thus extend the time to appeal, is the vital need for an expeditious disposition of litigation. The courts have applied the same reasoning to equitable actions seeking an extension of time for

*Formerly Rules on Appeal, rule 3.
†Formerly Rules on Appeal, rule 2.

appeal, and they have uniformly refused to revive a right of appeal once it has been lost by late filing. Even the *Hanley* case, *supra,* 23 Cal.2d 120, relied upon by appellant, is authority for this proposition, since the notice of appeal there was filed only one day late. In denying relief the court said, at page 123:

"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations.] If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made."

That there has been no deviation from the policy of strict compliance with the time limit for appeal is evidenced by the language of rule 45(e) of California Rules of Court, adopted by the Judicial Council effective July 1, 1963, which reads, in part: "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal.*" (Amendments to California Rules of Court, 59 Cal.2d 1-2.) (Italics added.)

The judgment is affirmed.

Brown (R.M.), J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1963.