[Civ. No. 938.   Fifth Dist.   Aug. 6, 1968.]

FRANK TUCK, Plaintiff and Appellant, v. JAMES TUCK, Defendant and Respondent.

Ralph Robinson for Plaintiff and Appellant.

James C. Hudson for Defendant and Respondent.

GARGANO, J. — Plaintiff, through his present attorney, Ralph Robinson, brought this equity action in the Superior Court of Fresno County to set aside a prior final judgment of

that court dissolving a partnership and ordering an accounting.[1] He appeals from the judgment of dismissal which the court entered after sustaining defendant's demurrer without leave to amend. Plaintiff's complaint *inter alia* alleged that when plaintiff learned of the first judgment he immediately advised his former attorney to apply for a new trial and, failing in that, to appeal; that plaintiff's former attorney nevertheless carelessly and negligently permitted the time to apply for the new trial to elaspe; that subsequently plaintiff's former attorney also carelessly and negligently failed to prepare corrected findings and a modified judgment as ordered by the trial court and failed to protect appellant's right of appeal; that, as a result of plaintiff's former attorney's carelessness and negligence, the modified judgment which was subsequently entered by the trial court was reversed by this court in *Tuck* v. *Tuck,* 245 Cal.App.2d 260 [53 Cal.Rptr. 872], and plaintiff was penalized to the extent of $20,000, the difference between the first judgment and the modified judgment.

The facts pertaining to the reversal of the modified judgment referred to in plaintiff's complaint and the reinstatement of the first judgment which plaintiff now seeks to set aside are related in the opinion of the court in *Tuck* v. *Tuck, supra,* and need not be repeated in detail. Briefly, defendant, who was the plaintiff in the first action, secured a favorable judgment dissolving a partnership and ordering an accounting. Later the trial court amended its findings and entered a modified judgment more favorable to the plaintiff who was the defendant in that action. Then this court reversed the modified judgment and reinstated the original judgment. It held (per McMurray, J.) that the motion to vacate and set aside the judgment and for a new trial was not timely filed and, even assuming that the motion was timely filed, the trial court failed to act within the statutory period and lost jurisdiction to do so. This court also held the plaintiff had no standing to argue that the evidence was insufficient to support the reinstated judgment since he did not file a timely appeal.

██ Plaintiff, without citation of any authority to support his position, contends the, trial court erred when it sustained defendant's demurrer without leave to amend. He argues that the principal purpose of equity is to supplement the deficiencies of the law and that inflexible rules will not be permitted

---

[1]Mr. Robinson did not represent plaintiff in the first action.

to circumscribe its powers to render judgment in a novel situation. However, we nevertheless conclude that plaintiff cannot prevail in this appeal for any one of the following reasons.

First, the cases in which equity has intervened to set aside final judgment are cases in which the aggrieved party, through extrinsic fraud or excusable mistake, did not have a reasonable opportunity to litigate his claim or defense. In short, they are cases in which the principal ground for equitable intervention was that there was no fair adversary trial at law (*Olivera* v. *Grace*, 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328]; *Caldwell* v. *Taylor*, 218 Cal. 471, 475 [23 P.2d 758, 88 A.L.R. 1194]; 3 Witkin, Cal. Procedure (1954 ed.) p. 2120). But no case has been cited and none had been found setting aside a final judgment entered after a fully contested adversary hearing merely because his attorney's neglect deprived the aggrieved party of a new trial or his right to appeal. On the other hand, it is consistently held that fraud occurring in the course of a proceeding is not a ground for equitable intervention on the theory that, if the aggrieved party had a reasonable opportunity to appear and litigate his claim or defense, the occasional unfortunate results of intrinsic fraud must be endured in the interest of stability of judgments (*Pico* v. *Cohn*, 91 Cal. 129, 134 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105]). Manifestly, the rationale of the intrinsic fraud decisions forcefully applies to this parallel situation in which the mistake or neglect occurred during the proceedings on the merits. In a closely analogous situation the court in *Lennefelt* v. *Cranston*, 231 Cal.App.2d 171 [41 Cal. Rptr. 598], applied the intrinsic fraud reasoning to "intrinsic mistake." In that case the plaintiff's attorney had failed to make use of information the plaintiff gave him which caused the plaintiff to be charged a higher inheritance tax. The court stated, ". . . where an attorney knows the facts but mistakenly concludes that they are of no legal significance and does not present them at the hearing of the matter in question, his mistake is intrinsic and not extrinsic." (231 Cal.App.2d at p. 177.)

Second, the only cause of the loss of the new trial and a more favorable judgment that plaintiff alleged in his complaint was the "carelessness and negligence" of his lawyer. Thus, plaintiff's complaint itself negates fraud (extrinsic or intrinsic) or excusable neglect as the cause. Ordinarily equity will not set aside a final judgment, *even in a case where there*

*has been no adversary hearing*, if it resulted from the inexcusable neglect of the aggrieved party or his lawyer.[2] As the court said in *Olivera* v. *Grace, supra*, 19 Cal.2d 570, 575: " 'It was a settled doctrine of the equitable jurisdiction—and is still the subsisting doctrine except where it has been modified or abrogated by statute . . . that where the legal judgment was obtained or entered through fraud, mistake, or accident, or where the defendant in the action, having a valid legal defense on the merits, was prevented in any manner from maintaining it by fraud, mistake, or accident, and there had been no negligence, laches, or other fault on his part, or on the part of his agents, then a court of equity will interfere at his suit, and restrain proceedings on the judgment which cannot be conscientiously enforced. . . . The ground for the exercise of this jurisdiction is that there has been no fair adversary trial at law.' "

The principle that an attorney's neglect is usually not grounds for equitable relief from a judgment applies rigidly to a matter heard on the merits (*Otani* v. *Kisling*, 219 Cal. App.2d 438, 442 [33 Cal.Rptr. 239]). For example, in *Lennefelt* v. *Cranston, supra*, 231 Cal.App.2d at page 175, the court stated categorically: " 'Equity will not grant relief against a judgment at law, where such judgment was obtained in consequence of the neglect, inattention, mistake, or incompetency of the attorney, unless caused by the opposite party.' "

Third, the trial court did not act on appellant's motion for a new trial and modification of judgment until after the 60-day period prescribed by statute had expired. Thus, the court lost jurisdiction to do so, and its subsequent action was totally void (*Tuck* v. *Tuck, supra*, 245 CalApp.2d 260). It would certainly subvert the policy of expediting litigation to now hold that the trial court can do indirectly that which this

[2]In the most extreme departure from the general rule, the Supreme Court in *Hallett* v. *Slaughter*, 22 Cal.2d 552 [140 P.2d 3], affirmed an equity decree setting aside a default judgment where there was some degree of negligence on the part of the aggrieved party's attorney. Significantly, the court was affirming the trial judge's decree after a full hearing on excusable neglect. The court merely stated: "Although some degree of negligence may be charged to the attorney employed by this plaintiff to defend her . . . we are not prepared to say that his remissness in this regard amounts to such inexcusable neglect as a matter of law that plaintiff should be foreclosed of her right to maintain this suit." (22 Cal.2d at p. 556.) But see the vigorous dissent in which then Justice Traynor wrote: "One who is remiss in presenting his case to the court, however, is not entitled to the extraordinary remedy of setting aside a final judgment." (22 Cal.2d at pp. 559-560.) And in the instant appeal the complaint unequivocally alleged only the complainant's attorney's negligence as the cause of the loss.

court said it could not do directly (See *Otani* v. *Kisling, supra,* 219 Cal.App.2d 438, 443-444).

Finally, plaintiff did not file his notice of intention to move for a new trial from the prior judgment within the 10-day period which Code of Civil Procedure section 659 prescribed in 1964. It has been repeatedly stated that a court has no jurisdiction to grant a new trial if the motion is not made within the statutory period with no exceptions (*Huber Tool Works, Inc.* v. *Marchant Calculators, Inc.,* 204 Cal.App.2d 822 [23 Cal.Rptr. 10]; *Tabor* v. *Superior Court,* 28 Cal.2d 505 [170 P.2d 667]; *Fritz* v. *Foote,* 162 Cal.App.2d 622, 624 [328 P.2d 522]). Yet if plaintiff's contention that equity may nevertheless intervene to set aside the judgment and to grant a new trial is carried to its logical conclusion, a party who did not timely move for a new trial could reconfer jurisdiction to the very trial court which lost it by the simple expediency of filing a new lawsuit. It is patent that such a holding would also lead to incongruous and even absurd results.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.