[Civ. No. 58271. Second Dist., Div. Five. Dec. 11, 1980.]

In re the Marriage of CHANEL LeMONZ and WARREN WIPSON.
WARREN WIPSON, Respondent, v.
CHANEL LeMONZ WIPSON, Appellant.

138

COUNSEL

Enid A. Ballantyne for Appellant.

James E. Sloan for Respondent.

OPINION

**STEPHENS, Acting P. J.**—Appellant Chanel LeMonz appeals from a denial of a motion to set aside an interlocutory judgment of divorce.

The pertinent facts are: Appellant and respondent had been married for 22 years before respondent filed his petition for dissolution on March 6, 1972. Respondent took a default against appellant on May 8, 1973, and had entered on May 23, 1973, an interlocutory judgment dividing the community property and providing no spousal support.

Appellant suffered a mental breakdown shortly after the filing for dissolution and was hospitalized for two months. After recovering, an attorney was retained and on November 30, 1973, the interlocutory judgment was set aside. Thereafter, discovery was engaged in by both parties in the form of interrogatories and requests for admission.

Following a settlement conference on February 28, 1975, the parties with their respective counsel stipulated in open court to a division of property, with this stipulation being incorporated into the trial court's interlocutory judgment of dissolution entered on March 17, 1975.

In accordance with the stipulation, appellant was awarded the promissory notes to two deeds of trust of real property, in return for a waiver of spousal support from respondent. Respondent and appellant otherwise equally divided the community property between themselves.

Final judgment was entered at the respondent's request on May 21, 1975.

Appellant filed the instant motion on November 7, 1978, to set aside the interlocutory judgment on the grounds of extrinsic fraud. Upon its denial appellant appeals.

Appellant asserts that she is the victim of extrinsic fraud or mistake in four ways: (1): The community assets were misstated and omitted from the judgment; (2): Provisions for appellant's support were grossly inadequate; (3): Appellant was mentally incompetent at the February 28, 1975 hearing for the interlocutory judgment; and (4): Appellant did not have effective counsel.

We find that appellant has not established grounds for relief for extrinsic fraud or mistake and that in any event, her lack of diligence in pursuing this equitable relief precludes any relief.

■ Equitable relief from a judgment can be sought on the grounds that it was obtained through extrinsic fraud or mistake not intrinsic fraud or mistake. (*Jorgensen* v. *Jorgensen* (1948) 32 Cal.2d 13, 18 [193 P.2d 728]; *Tuck* v. *Tuck* (1968) 264 Cal.App.2d 743, 745 [70 Cal. Rptr. 822].)

This power is exercised sparingly because of the strong policy favoring the finality of judgments. (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 470 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368].) "It is necessary to examine the facts in the light of the policy that a party who failed to assemble all his evidence at the trial should not be privileged to relitigate a case, as well as the policy permitting a party to seek relief from a judgment entered in a proceeding in which he was deprived of a fair opportunity fully to present his case." (*Jorgensen* v. *Jorgensen, supra,* at p. 19.)

■ In addition, a motion in the trial court to seek relief from a judgment is "addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof the order of such court will not be disturbed on appeal. All presumptions are in favor of the correctness of the order and the burden is upon the appellant to show that the court abused its discretion." (*McCreadie* v. *Arques* (1967) 248 Cal.App.2d 39, 44-45 [56 Cal.Rptr. 188].)

■ The essence of extrinsic fraud is that a party has been denied by his opponent or otherwise an opportunity to be heard or to fully present a claim or defense. (*Kulchar* v. *Kulchar, supra,* at p. 471; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 183, p. 3752.) Extrinsic mistake involves excusable neglect in not appearing to present one's case or claim or defense. When this neglect leads to an unjust result without a fair adversary hearing, equitable relief is available. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 187, pp. 3757-3758; *Kulchar* v. *Kulchar, supra,* at p. 471.)

■ Intrinsic fraud or mistake, on the other hand, is not grounds for relief. When the fraud or mistake "'goes to the merits of the prior proceedings, which should have been guarded against by the plaintiff at

that time,'" relief is denied in deference to the stronger policies of finality of judgments and res judicata. (*Kulchar* v. *Kulchar, supra,* 1 Cal.3d 467, 472-473, quoting Comment, *Equitable Relief from Judgments, Orders and Decrees Obtained by Fraud* (1934) 23 Cal.L.Rev. 79, 83-84.) On this basis, issues involved in the previous proceeding cannot be relitigated. (*Jorgensen* v. *Jorgensen, supra,* 32 Cal.2d 13, 18.)

■ Usually when a party is represented by counsel and has the opportunity to appear and litigate his case, any fraud or mistake occurring in the proceeding is considered intrinsic. (*Tuck* v. *Tuck, supra,* 264 Cal.App.2d 743, 745.) As Justice Traynor stated in *Kulchar, supra,* at page 472: "Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein."

With these rules in mind, we turn to appellant's challenges to the interlocutory judgment and find them without merit.

■ As to misstatements and omissions of community assets, appellant primarily refers to a life insurance policy and stock purchased by respondent. Appellant had actual notice of the stock and insurance from answers to interrogatories and requests for admissions sent out to respondent after the initial default was set aside. Specifically, respondent stated that the purchase price of the stock in question was $4,000 in answer to appellant's interrogatories Nos. 12 and 13. Additionally, respondent identified the life insurance policy and its value in response to interrogatories Nos. 24 and 25. Disclosure of these assets having been made to appellant, she cannot now complain that these assets were misstated or omitted. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598-600 [153 Cal.Rptr. 423, 591 P.2d 911]; *Kulchar* v. *Kulchar, supra,* at pp. 473-474.)

Any presently claimed valuation discrepancies of these or other assets can be attributed to appellant's negligence in not investigating their value initially, and disqualifies her for relief, because this court has previously held that one cannot have "'contributed to the fraud or mistake giving rise to the judgment thus obtained.'" (*In re Marriage of Carletti* (1975) 53 Cal.App.3d 989, 993 [126 Cal.Rptr. 1], quoting *Kulchar, supra,* at p. 473.)

■ Appellant's contention that the support given to her was grossly inadequate is not grounds for relief from extrinsic fraud or mistake. She had the ability to bargain on the division of community property with-

out interference from respondent and it is noteworthy that appellant did in fact receive more than one-half of the community property by receiving the trust deeds to two parcels of real property. Appellant's error in judgment of settling for more than one-half of the community property in exchange for a waiver of support is the gravamen of this appeal. The above authorities make it clear under these facts that any possible mistake in the support was intrinsic and, hence, not sufficient to set aside the trial court's judgment.[1]

Regarding appellant's mental incompetence, appellant states that she was a frightened, confused woman, who, with a great deal of mental trouble, was trying to make her own way after the dissolution of her marriage.

The record reflects that far from being mentally incompetent, appellant had begun studies at a city college to prepare herself for a job, was reading about the law concerning dissolution to aid her attorney and was actively assisting in her case. She contacted the conciliation court to arrange an attempt to salvage her marriage. Her previous attorney believed her to be in the proper frame of mind when she did not object to the stipulated agreement presented to Judge Henry Shatford on February 28, 1975. In short, her written correspondence during the relevant times herein and her responses at the February 28, 1975, hearing do not indicate mental incompetence, but rather depict a woman who was enduring and attempting to recover from the trauma and confusion normally present in a dissolution. Such a mental state does not render appellant incompetent and the resulting judgment herein defective because of extrinsic fraud or mistake.

Lastly, as to appellant's claim of ineffective counsel, she states that her attorney's decision to not represent appellant at the trial of this matter, if the matter could not be resolved on February 28, 1975, weakened appellant's bargaining position. This resulted in a negotiation disability when appellant considered accepting the stipulated agreement regarding the division of community property. Additionally, her previous attorney did not seek to have the court retain jurisdiction over spousal support, foreclosing appellant from seeking it now.

---

[1]Appellant's citation of cases for the proposition that inadequate support is grounds by itself for reversal of a judgment are not supportive. Two of those cases involve a review of a granting of support to the spouse and a modification of support, not a waiver of support as involved herein. *In re Marriage of Warner* (1974) 38 Cal.App.3d 714 [113 Cal.Rptr. 556], reviewed property division not spousal support.

Both of these assertions go to what appellant accurately refers to as an allegation that her representation may not have been vigorous enough under the circumstances.

■ The record clearly demonstrates that appellant was given the opportunity to appear with counsel on February 28, 1975, and the further opportunity to a full hearing if she chose not to accept the settlement agreement. Appellant appeared with counsel and we find that the errors appellant complains of concerning her representation are intrinsic and are not grounds for relief. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, §§ 188-195, pp. 3758-3767, *Kulchar* v. *Kulchar, supra*, 1 Cal.3d 467, 471-472; *Lennefelt* v. *Cranston* (1964) 231 Cal.App.2d 171, 175 [41 Cal.Rptr. 598].)

■ Even assuming appellant has made a case for extrinsic fraud or mistake, she would be required to show that a favorable result would probably have occurred without the fraud or mistake. Further, she would be required to show that she is free from fault by pleading and proving that she had a satisfactory excuse for not presenting a claim or defense and that she had exercised diligence in seeking relief after discovering the facts. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 194, p. 3765; *McCreadie* v. *Arques, supra*, 248 Cal.App.2d 39, 45; *Wilson* v. *Wilson* (1942) 55 Cal.App.2d 421, 427 [130 P.2d 782].)

"In determining whether reasonable diligence has been exercised the court will consider the same factors as are considered in determining whether a default judgment was secured by excusable extrinsic mistake [citation]...[¶] In determining whether due diligence has been exercised a court must examine both the time factor and the possible prejudice which might result from setting aside the default. [Citation.]" (*McCreadie* v. *Arques, supra*, at pp. 46-47.)

Appellant's problem rests with her lack of due diligence in waiting more than three years to challenge the interlocutory judgment, which in the interim had become final. A one-year delay in attacking the judgment in *McCreadie* was held to show a lack of diligence which made relief unavailable. (*Id.* at pp. 46-47.) *Wilson, supra*, held that it was a lack of diligence inter alia to allow two months to elapse without securing other counsel for a trial. (*Id.* at pp. 428-429.) In addition, respondent, through no fault of his own, would be prejudiced in relitigating issues raised eight years ago.

Appellant's lack of diligence is fatal to her cause. Coupled with a failure to show extrinsic fraud or mistake, the trial court's denial of the motion to set aside the interlocutory judgment herein was proper.

Affirmed.

Ashby, J., and Hastings, J., concurred.