Filed 5/22/15  Marriage of Meccia CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of CAMILLA and FRANK MECCIA. | B256388 |
| | (Los Angeles County Super. Ct. No. ED017554) |
| CAMILLA M. MECCIA, Appellant, v. FRANK A. MECCIA, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dianna Gould-Saltman, Judge.  Affirmed.

Law Office of M.C. Bruce and M.C. Bruce for Appellant.

Law Offices of Paul Taylor Smith and Paul Taylor Smith for Respondent.

_____

On June 5, 2000, the family law court filed an intended decision in the marital dissolution proceeding involving petitioner Camilla M. Meccia (wife) and respondent Frank A. Meccia (husband). Division of community property was ordered. The court reserved jurisdiction over spousal support. Counsel for wife was ordered to prepare, serve, and file a judgment within 10 days of receipt of the notice of intended decision, but did not do so.

Almost 14 years passed without entry of a judgment. On January 24, 2014, the following events took place. Husband filed a judgment of dissolution. Counsel for both husband and wife signed the judgment with the notation, "approved as to form and content." The family law court signed the judgment. Notice of entry of judgment was filed and served on counsel for both parties.

On February 10, 2014, wife filed a notice of intention of a motion to vacate the judgment.[1] On February 20, 2014, wife filed a motion to vacate the January 24, 2014 judgment pursuant to Code of Civil Procedure section 663.[2] The motion was supported by various declarations, letters, and other documents. According to the Los Angeles Superior Court case summary included in the record on appeal, on February 26, 2014, wife filed a "First Amended Notice Of Motion & Motion For Relief From Judgment." This document is not included in the record on appeal designated by wife.

On March 10, 2014, husband filed a combined motion in opposition to the motion to vacate and motion for relief from default under section 473. No motion for relief under section 473 is included in the appellate record. A hearing was held on March 24, 2014. Wife's motion to vacate the judgment was denied.

---

[1] This notice was not included in the original record on appeal. After oral argument and submission of the cause on appeal, we granted wife's belated motion to augment the record with the notice. We note that wife also failed to include husband's opposition to the motion to vacate the judgment, requiring husband to move to augment the record. Although husband has perfected the record as to his opposition, we disapprove of the failure to present a complete record on appeal.

[2] All statutory references are to the Code of Civil Procedure, unless otherwise noted.

2

Wife filed a notice of appeal on April 23, 2014, from the denial of the motion to vacate the judgment. We affirm.

## DISCUSSION

Wife contends the trial court abused its discretion in denying her motion to vacate the judgment. Wife argues as follows: (1) the court abused its discretion because it did not examine the issues inadequately covered in the intended decision issued 14 years earlier; and (2) the court abused its discretion by not specifically determining her right to division of husband's Public Employee Retirement System pension.

Husband urges this court to affirm on various grounds, including that the record on appeal is insufficient to affirmatively establish error because it does not include the operative motion to vacate the judgment. Wife did not file a reply brief challenging husband's argument. We agree wife has not provided a record sufficient to demonstrate reversible error on appeal.

According to the case summary contained in the clerk's transcript on appeal, wife filed her motion to vacate the judgment on February 20, 2014. However, on February 26, 2014, wife filed her "First Amended Notice of Motion & Motion For Relief from Default." This amended motion is not contained in the record on appeal. The trial court stated at the hearing on the motion to vacate that its tentative decision was to deny wife's motion. Counsel for wife responded, "Okay," but did not make any argument on the amended motion suggesting its basis. The court's minute order denying wife's motion states that "[t]he tentative ruling thus becomes the final ruling of the Court."

This appeal is resolved by two settled rules. First, it is an appellant's burden to present a complete record on appeal, and in the absence of a complete record, the reviewing court presumes the judgment is correct. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435; *Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.) Second, we review a trial court's ruling on a motion to vacate the judgment for abuse of

3

discretion.  (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1077; *In re Marriage of Wipson* (1980) 113 Cal.App.3d 136, 141.)

Application of these two principles to this appeal compels affirmance of the trial court's order denying wife's motion to vacate the judgment.  By presenting a record without her amended motion to vacate the judgment, wife leaves this court with no hint as to the motion's contents and grounds.  Under these circumstances, we must presume the judgment is correct.  As a corollary to the first rule, we conclude wife has not demonstrated an abuse of discretion in denial of the amended motion, because that motion is not before this court.

In any event, and in the interest of putting this matter entirely to rest, we have reviewed wife's initial motion to vacate the judgment.  Our review reveals no grounds for finding an abuse of discretion in the trial court's denial of the motion.  Wife failed to file a judgment for almost 14 years after being ordered to do so.  When husband finally submitted a proposed judgment, counsel for wife signed and approved the document.  Wife's initial motion to vacate the judgment was defective—it did not ask the court to vacate and enter a new judgment—it sought additional litigation of issues wife thought remained unresolved.  This is not a basis for vacating the judgment.  (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575; *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.)   The trial court was under no obligation, 14 years after judgment should have been entered by wife, to vacate the judgment submitted by husband and agreed to by wife's counsel.

## DISPOSITION

The order denying the motion to vacate is affirmed.  Costs on appeal are awarded to respondent Frank Meccia.


KRIEGLER, J.

We concur:


TURNER, P. J.


GOODMAN, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.