Filed 12/10/24  Frost v. Regner CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE FROST, as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> VANNA P. REGNER, as Trustee, etc. et al., <br><br> Defendants and Respondents. | G062950 <br><br> (Super. Ct. No. 30-2015-00767040) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge. Affirmed.

Jane Frost, in pro. per., for Plaintiff and Appellant.

Obrand Law Group and Michael Obrand for Defendants and Respondents Edward Escano, Scott MacDonald, and Pickford Real Estate, Inc.

No appearance for Defendants and Respondents Vanna P. Regner and Mark Carlson.

*      *      *

Roughly five years after entry of judgment against her based on a jury verdict, plaintiff Jane Frost moved for statutory and equitable relief from the judgment. The trial court denied the motion, finding the judgment was not void on its face and equitable relief was not warranted under the circumstances. Frost claims the trial court's resulting order is inadequate for appellate review and that the court's denial of her motion amounts to an abuse of discretion because she demonstrated extrinsic fraud. On the record before us, which is adequate for review, we find no error and affirm the challenged order.

FACTS AND PROCEDURAL HISTORY

The underlying dispute between the parties relates to the 2012 sale of a residential property by defendant Vanna Regner to Frost. After dealing with sewer drainage issues at the property during the two years following the sale, Frost sued Regner for breach of contract, intentional misrepresentation, and intentional fraudulent concealment. Among other things, the complaint alleged Regner knew and actively concealed that there were significant plumbing problems which made the property uninhabitable without substantial repairs to its plumbing system. Amendments to the complaint added as defendants two real estate agents involved in the 2012 sale, Edward Escano and Scott MacDonald, as well as companies for which they allegedly were agents, including Pickford Real Estate, Inc. (Pickford), and added breach of contract and breach of fiduciary duty claims against those added defendants.

Frost's claims were tried to a jury in August 2017. At the close of Frost's case, Escano, MacDonald, and Pickford successfully moved for nonsuit. The jury ultimately returned a special verdict in Regner's favor on Frost's remaining claims. The trial court entered judgment in accordance with the jury's verdict and the granted nonsuit. An amended judgment entered a few months later included an award of costs to the nonsuit defendants, as well as costs and attorney fees to Regner.

Frost timely appealed from the judgment. The appeal was later dismissed after Frost failed to file an opening brief.

In September 2022, after Frost's trial counsel was relieved as counsel of record by the trial court and Frost filed a separate lawsuit against him, Frost filed a motion seeking to set aside the judgment pursuant to Code of Civil Procedure section 473, subdivision (d)[1], and the court's inherent equitable powers. She claimed the judgment was void due to "[f]raud [u]pon the [c]ourt" by Regner, Escano, and her own trial counsel. More specifically, although somewhat difficult to decipher, a declaration by Frost filed in conjunction with the motion stated: (1) Regner intentionally lied in a pretrial deposition and at trial; (2) Regner and Escano intentionally concealed a 2011 letter from a plumber who testified at trial which concerned necessary work on the property's sewer system; and (3) her trial counsel failed to show her the plumber's letter and failed to present to the jury non-sewer related disclosures made by Escano. Escano, MacDonald, and Pickford opposed the motion, contending Frost failed to demonstrate the judgment was void on its

_____

[1] All further statutory references are to the Code of Civil Procedure.

3

face and equitable relief could not be granted because Frost was claiming intrinsic, not extrinsic, fraud.

The court held multiple hearings on the motion and gave Frost the opportunity to provide additional supporting evidence.[2] After taking the matter under submission, it issued an order denying the motion. In finding the judgment was not void, the court explained that lack of truthfulness by a party testifying at trial is not a viable basis for finding a judgment to be void and neither is the discovery of a new document. Additionally, although the court found "troubling on a first read" Frost's claims about alleged concealment of the 2011 plumber letter by Regner and Escano, it noted Frost was "unclear as to when the existence of the letter became known and whether her attorney had a copy of it at trial." It further concluded she failed to demonstrate extrinsic fraud and explain how the letter could have "turned the tide in her favor had the jury seen it." The court indicated it also considered whether equitable relief was appropriate under the circumstances, but it found no basis for such relief.

Frost timely appealed.

### DISCUSSION

Frost contends her motion seeking relief from the judgment should have been granted because "she successfully asserted fraud to invalidate [it]." She claims the defendants and the lawyers hid the 2011 plumber letter from her and that Regner and Escano lied about various things at trial. We find no ground for disturbing the challenged order.

---

[2] The record on appeal includes hearing minute orders but does not include a transcript of the hearings.

4

Before reaching the merits of Frost's substantive challenge, we address her preliminary argument that the trial court's order is insufficient to enable effective appellate review. First, the trial court's order includes a fairly detailed two-page analysis of the facts, Frost's arguments, and its reasoning as to why it denied the requested relief. Second, Frost did not include in the appellate record a transcript of the hearings at which the court considered her motion. Under such circumstances, we presume there was no irregularity in the trial court's decision making unless the record indicates otherwise, and we presume the trial court made all factual findings necessary to support its order. (*California Pines Property Owners Assn. v. Pedotti* (2012) 206 Cal.App.4th 384, 392 [challenged order presumed correct and appellate court makes all inferences in favor of order unless expressly contradicted by record]; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 [pro per litigant held to same standards as attorneys]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [no reporter's transcript on appeal means appellate court presumes absence of error in proceedings].) For these reasons, we find the record adequate for review.

Turning to Frost's statutory based request for relief from the judgment, under section 473, subdivision (d), a "court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order." "A judgment [or order] is void to the extent it provides relief 'which a court under no circumstances has any authority to grant.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.) Examples of void judgments include those entered when the court "'lack[ed] fundamental authority over the subject matter, question presented, or party.'" (*Vitatech Internat., Inc. v. Sporn* (2017) 16 Cal.App.5th 796, 807 (*Vitatech*).) There is no time limit for making a motion which seeks relief under section 473, subdivision (d).

(*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

Although one of the bases on which Frost based her motion was section 473, subdivision (d), none of her assertions concerned the trial court's fundamental jurisdiction. She likewise did not make any other argument that the judgment was one that no court under any circumstances could have entered. Instead, she claimed various circumstances amounted to fraud which, in turn, necessitated a set aside of the judgment. We see no grounds for disturbing the court's denial of the statute based portion of Frost's set aside motion. (See *Vitatech, supra*, 16 Cal.App.5th at p. 807 [court's section 473, subdivision (d) authority to vacate is limited to void judgments and orders]; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496 [trial court has no discretionary power under section 473, subdivision (d) to set aside judgment not void on its face].)

We likewise find no error in the trial court's decision to not grant Frost equitable relief from the judgment.[3] Denial of such relief is reviewed for an abuse of discretion. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862.) That is, we look to see whether the trial court's decision exceeded the bounds of reason, with all presumptions in favor of the correctness of the court's decision and Frost bearing the burden of demonstrating clear abuse.

---

[3] Frost rightly did not seek relief under section 473, subdivision (b), which permits a court to set aside a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Relief under that section must be brought no later than six months after entry of judgment. (*Id*.; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.) Frost filed her motion roughly five years after entry of judgment in this case.

6

(*In re Marriage of Wipson* (1980) 113 Cal.App.3d 136, 141; *Shields v. Siegel* (1966) 246 Cal.App.2d 334, 337-338.)

"[U]nder well established law[,] the court may grant relief under its inherent equitable power only if, due to the fraud of the opponent or by [the aggrieved party's] own mistake, the aggrieved party was deprived of a fair adversary hearing and was prevented from presenting his claim or defense, or as the authorities put it, if the fraud or mistake was 'extrinsic.'" (*DeMello v. Souza* (1973) 36 Cal.App.3d 79, 85.) "'The clearest examples of extrinsic fraud are cases in which the aggrieved party is kept in ignorance of the proceeding or is in some other way induced not to appear. [Citation.]' [Citation.] Other examples include 'concealment of the existence of a community property asset, failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed).'" (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 664.)

By contrast, "'[a] showing of fraud practiced in the trial of the original action will not suffice.'" (*Estate of Sanders* (1985) 40 Cal.3d 607, 614.) Classic examples of such fraud, referred to as intrinsic fraud, include "'"the introduction of perjured testimony or false documents in a fully litigated case."'" (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 828.) The reason for this rule is that there must be an end to litigation. (*Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 632, citing *Pico v. Cohn* (1891) 91 Cal. 129.) A trial is a party's opportunity for making the truth appear notwithstanding conflicting evidence. (*Pour Le Bebe, Inc.*, at p. 829.) A party and their counsel must be prepared to expose, for example, perjured testimony and falsified documents. (*Ibid.*) If one fails in that task and then subsequently does not

7

bring or fails on a motion for a new trial, and the judgment eventually becomes final, one is generally without remedy. (*Ibid.*)

Here, Frost was represented by counsel in the time leading up to and throughout trial. Her claims that Regner or other witnesses lied to the jury, even if true, are not grounds for equitable relief from the judgment. Equally unavailing are her assertions that Regner and Escano concealed a 2011 plumber letter which she believes demonstrated a serious problem with the property's sewer system, and that her own lawyer failed to give her that letter before trial. Whatever the circumstances may have been from the time Frost purchased the property through the time leading up to trial, the record is clear Frost's own attorney admitted the letter into evidence at trial and questioned Escano about it. Under these circumstances, although Frost understandably may be frustrated and upset with the jury's verdict, there simply was no showing of extrinsic fraud depriving her of a fair opportunity to present her claims. Accordingly, the trial court did not abuse its discretion in denying her equitable relief from the judgment.

## DISPOSITION

The postjudgment order is affirmed. Respondents Escano, McDonald, and Pickford Real Estate, Inc. are entitled to costs on appeal; respondents Regner and Carlson are not awarded costs because they did not appear in this appeal.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.